```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION
```

JAMES BERNARD PICKENS                                                PLAINTIFF

V.                                          CIVIL ACTION NO. 3:19-CV-895-DPJ-BWR

ANDREW SAUL, Commissioner of the                                     DEFENDANT
Social Security Administration

ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Bradley W. Rath.  Plaintiff James Bernard Pickens filed a claim for supplemental security income (SSI), alleging disability due to musculoskeletal limitations, various mental limitations, and headaches.  His claim was denied, and, after a hearing, an administrative-law judge (ALJ) issued a decision finding that Pickens had the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b).  The Appeals Council denied review, and Pickens appealed to this court pursuant to 42 U.S.C. § 405(g).  Judge Rath recommends affirming the Commissioner's decision.

This Court's review of the Commissioner's denial of Pickens's social-security benefits is limited to determining whether "(1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).  The substantial-evidence standard requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Schofield v. Saul*, 950 F.3d 315, 320 (5th Cir. 2020).

Pickens says that the final decision is not supported by substantial evidence because the ALJ failed to properly consider opinions and recommendations of three of his medical experts.

R&R [16] at 3; Pl.'s Mem. [11] at 1–2, 11.  But Judge Rath's thorough R&R explains that the ALJ did give weight to these opinions and, after properly considering the whole record and citing substantial record evidence, concluded that Pickens is not entitled to SSI.  For example, Judge Rath states:

> [t]he ALJ noted that Dr. Katz provided an independent medical evaluation, meaning he was not a treating physician and did not have a lengthy or frequent treatment relationship with Plaintiff.  [8] at 21.  The ALJ discussed the evidence that she found inconsistent with Dr. Katz's opinion about Plaintiff's upper extremity limitations.  *Id.* at 21.  She found the opinion and Plaintiff's statements not fully consistent with the MRIs of his cervical spine and left hand, his conservative treatment with no recommendation for surgical intervention, and Dr. Hartness's findings that he had no limitations reaching overhead or forward, normal grip and motor strength in his bilateral upper extremities, and normal fine and gross motor skills.  *Id.* at 21, 24, 610-12, 863-64.

R&R [16] at 11–12.  In addition, Judge Rath notes that Pickens failed to show legal error in any of the ALJ's findings.  *Id.* at 13, 16, 22, 23.

Pickens has not filed an objection to Judge Rath's Report and Recommendation, and the time to do so has lapsed.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  The Court adopts Judge Rath's well-reasoned recommendation in full.  A separate judgment will be issued pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 3rd day of January, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
